## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN RE DAMON DONELSON,**

      **Petitioner.**

                                **Civil Action No.  17-354 (JEB)**

### <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Damon Donelson seeks a writ of habeas corpus in what he styles as a second or successive Petition to challenge the legality of his conviction and sentence by the Superior Court of the District of Columbia.  <u>See</u> ECF No. 1 (Application) at 5 (asking Court to "correct his sentence").  In particular, he alleges that his sentence violates the Double Jeopardy Clause of the Constitution because the Superior Court improperly failed to merge duplicative convictions for essentially the same offense.  <u>Id.</u> at 1-4.  He also appears to claim that, as a result of this error, the jury may have been confused about the sufficiency of the evidence required for his conviction.  <u>Id.</u> at 4.  If Donelson is entitled to any relief, he must seek it in the Superior Court unless he can show that such a remedy would be ineffective or inadequate.  As he cannot make that showing, this Court must dismiss the case.

A prisoner in custody pursuant to the judgment of a court is entitled to federal habeas relief if he can establish that his "custody [is] in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Ordinarily, a prisoner in state custody may do so by bringing a challenge to the legality of his conviction and sentence in a federal court under 28 U.S.C. § 2254.  <u>Rahim v. U.S. Parole Comm'n</u>, 77 F. Supp. 3d 140, 145 (D.D.C. 2015).  District of Columbia prisoners, pursuant to D.C. Code § 23-110(a), instead "may seek to vacate, set aside, or correct a sentence on [the grounds that] the sentence is unconstitutional or illegal . . .

[or] subject to collateral attack" by filing in the District of Columbia Superior Court.  Alston v.

United States, 590 A.2d 511, 513 (D.C. 1991); see Rahim, 77 F. Supp. 3d at 145-46.  This

provision affords "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C.

Superior Court who wish[] to challenge their conviction or sentence." Blair-Bey v. Quick, 151

F.3d 1036, 1042 (D.C. Cir. 1998).

    This remedy does more than merely provide an alternative forum for the pursuit of such a

claim.  It also "vest[s] the Superior Court with exclusive jurisdiction over most collateral

challenges by prisoners sentenced in that court." Williams v. Martinez, 586 F.3d 995, 1000

(D.C. Cir. 2009) (emphasis added).  A federal court thus cannot entertain a habeas petition to

vacate such a sentence "if it appears that the applicant has failed to make a motion for relief

under [§ 23-110(a)] . . . unless it also appears that the remedy by motion is inadequate or

ineffective to test the legality of his detention."  D.C. Code § 23-110(g).  In other words, "a

District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in

the sentencing court – the Superior Court – pursuant to § 23-110." Byrd v. Henderson, 119 F.3d

34, 35 (D.C. Cir. 1997) (emphasis added); see also Williams, 586 F.3d at 998 ("Section 23-

110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear

habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

    The only way that Donelson could bring this Petition in this Court is by showing that

§ 23-110(a) provides an ineffective or inadequate remedy to test the legality of his detention.

Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986).  He has not attempted to make such a

showing, nor could he.  Prisoners in his position have long successfully brought such double-

jeopardy claims under § 23-110(a) in the Superior Court.  See, e.g., United States v. Robinson,

388 A.2d 469 (D.C. 1978) (granting such challenge).

Donelson thus has no current recourse in a federal district court.  See Garris, 794 F.2d at 727; Ankhamen v. United States, No. 11-1747, 2012 WL 689109, at *1 (D.D.C. Mar. 1, 2012). The Court, accordingly, will dismiss his Petition for a writ of habeas corpus.  An Order so stating shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  April 6, 2017